IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

OSCAR A. OLEA-CORONADO,          CASE NO. 2:07-cr-124(1)
                                                       CIVIL NO. 2:10-cv-998

        Petitioner,

                                                       JUDGE FROST
v.                                                      MAGISTRATE JUDGE KEMP

UNITED STATES OF AMERICA,

        **Respondent.**

## REPORT AND RECOMMENDATION

On August 15, 2008, the Court entered a judgment of conviction against petitioner Oscar A. Olea-Coronado, following a jury's return of a guilty verdict, and sentenced him to 121 months of imprisonment for violating 21 U.S.C. §846 by being part of a conspiracy for the distribution of marijuana. Petitioner appealed, raising issues concerning whether there was a fatal variance in the indictment and whether he was entitled to a downward adjustment in his offense level due to his allegedly minor role in the conspiracy. On August 17, 2010, the Court of Appeals affirmed his conviction and sentence. *United States v. Olea-Coronado,* 2010 WL 3245610 (6th Cir. August 17, 2010). The mandate issued on October 4, 2010.

On November 8, 2010, petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255. That petition is now before the Court for an initial review, as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. That Rule provides that "[i]f it plainly appears from the

motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion ...." For the following reasons, it will be recommended that this motion be dismissed under Rule 4 because it is plain that petitioner is not entitled to relief.

I.

Petitioner's motion purports to raise two claims. The first claim is an assertion that the Court gave more consideration to the United States Sentencing Guidelines than to the sentencing factors contained in 18 U.S.C. §3553(a). The second claim is an assertion that the Presentence Investigation Report submitted in this case contained either factual errors or factual assertions (particularly concerning the quantity of marijuana involved in the conspiracy and other enhancing factors) that were not determined by a jury. The Court's reliance on such a Presentence Investigation Report, according to petitioner, contravenes the United States Supreme Court's decisions in *Blakely v. Washington*, 542 U.S. 296 (2004) and *United States v. Booker*, 543 U.S. 220 (2005). As a result of these claimed errors, he argues that he is entitled to be re-sentenced.

II.

Not every error which allegedly occurs during the course of a criminal trial and sentencing can be raised in a motion filed under 28 U.S.C. §2255. As the Supreme Court stated in *Sanders v. United States*,373 U.S. 1, 25 (1963), "the Court has consistently held that neither habeas corpus nor its present federal counterpart §2255 is a substitute for an appeal." *See also United States v. Frady*, 456 U.S. 152, 165 (1982) ("we have long and

2

consistently affirmed that a collateral challenge may not do service for an appeal"). Thus, if a claim has not been raised on appeal, it cannot simply be asserted in a §2255 motion. Rather, in order for the claim properly to be brought in such a motion, it must either be the kind of claim which is not ordinarily based on the trial court record alone (such a claim of ineffective assistance of counsel, *see Massaro v. United States*, 538 U.S. 500 (2003)), or the petitioner must demonstrate both cause for having failed to raise it on direct appeal and prejudice from the failure to raise it there. *See United States v. Frady*, 456 U.S. 152, 167-68 (1982). As the Supreme Court held in *Bousley v. United States*, 523 U.S. 614, 622 (1998), if a claim "can be fully and completely addressed on direct review based on the record ... the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice' ... or that he is 'actually innocent.'" (internal citations omitted).

Here, the issues petitioner seeks to raise in his §2255 motion are issues which could have been raised on direct appeal. For example, his claim that the Court gave too much weight to the sentencing guideline calculation and not enough weight to the other sentencing factors contained in 18 U.S.C. §3553(a) does not rely on any facts outside the record, and could have been raised on direct appeal based on the Presentence Investigation Report and the transcript of the sentencing hearing. Similarly, his claim concerning the alleged inaccuracies or improper factual findings contained in the Presentence Investigation Report depends exclusively on the content of that report, which was part of the record at the time he filed his appeal. Other courts have held that claims of this type - either claims relating to the proper application of *United States v. Booker* or claims relating

to the reasonableness of the sentence imposed - are procedurally defaulted if not raised on direct appeal. *See, e.g., United States v. Munoz*, 2010 WL 3732173, *7 (N. D. Okla. September 20, 2010); *Valencia v. United States,* 2009 WL 1587184, *2 (M.D. Fla. June 5, 2009).

Petitioner has not asserted in his motion any reason why these claims were not raised on direct appeal, so he cannot satisfy the "cause" portion of the "cause" and "prejudice" test made applicable to §2255 motions by *United States v. Frady.* Further, he has not claimed that he is actually innocent of the charge for which he was convicted. Under these circumstances, all of his claims are barred by the doctrine of procedural default, and the Court should dismiss his §2255 motion for that reason.

III.

For the reasons stated above, it is recommended that petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255 be denied.

IV.

PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  <u>See Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir.1981).


                                          <u>/s/ Terence P. Kemp</u>
                                        United States Magistrate Judge