IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

OSCAR A. OLEA-CORONADO,   CASE NO. 2:07-cr-124(1)
   CIVIL NO. 2:10-cv-998

      Petitioner,

                               JUDGE FROST
v.   MAGISTRATE JUDGE KEMP

UNITED STATES OF AMERICA,

      Respondent.

## OPINION AND ORDER

On August 15, 2008, the Court entered a judgment of conviction against petitioner Oscar A. Olea-Coronado, following a jury's return of a guilty verdict, and sentenced him to 121 months of imprisonment for violating 21 U.S.C. §846 by being part of a conspiracy for the distribution of marijuana. Petitioner unsuccessfully appealed his conviction and sentence. *See United States v. Olea-Coronado,* 2010 WL 3245610 (6th Cir. August 17, 2010).

On November 8, 2010, petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255. A Magistrate Judge screened the petition as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts and, in a Report and Recommendation filed on November 18, 2010, recommended that the motion be dismissed under Rule 4. Petitioner has objected to that recommendation. For the following reasons, the objection will be overruled and petitioner's §2255 motion will be denied.

I.

Petitioner's motion raises two claims: (1) that the Court improperly gave more consideration to the United States Sentencing Guidelines than to the sentencing factors contained in 18 U.S.C. §3553(a) when it imposed the 121-month sentence; and (2) that the Presentence Investigation Report either contained factual errors or made factual assertions (particularly concerning the quantity of marijuana involved in the conspiracy and other enhancing factors) that were not determined by a jury. For these reasons, petitioner contends that he was sentenced in violation of *Blakely v. Washington*, 542 U.S. 296 (2004) and *United States v. Booker*, 543 U.S. 220 (2005).

Petitioner did not raise either of these claims as part of his direct appeal. For that reason, the Magistrate Judge, relying on cases such as *United States v. Frady*, 456 U.S. 152, 165 (1982), concluded that his claims had been procedurally defaulted and that the Court could not properly address them on their merits. Petitioner argues in his objection that the doctrine of *res judicata* does not apply to collateral attacks on a sentence such as those allowed by 28 U.S.C. §2255 and that the application of the doctrine of procedural default to prevent consideration of the merits of his claim, to the extent that it operates similarly to *res judicata* by foreclosing collateral review of claims not raised on direct appeal, is error.

II.

It is correct that, strictly speaking, the doctrine of *res judicata*, which makes a prior judgment conclusive with respect to issues which either were or could have been raised in that prior proceeding, has no direct application to an action seeking a writ of habeas corpus

or the federal counterpart to that writ, an order granting relief under 28 U.S.C. §2255. To that extent, petitioner's objection correctly cites the law. However, at least since *Frady* was decided in 1982, it is not equally true that the failure to raise issues in a prior proceeding, particularly a direct appeal, is completely irrelevant to the question of whether those issues may be raised in a collateral attack on a conviction or sentence. Rather, in *Frady*, the Supreme Court imported the "cause and prejudice" standard for procedural defaults developed in the context of state habeas corpus actions, *see Wainwright v. Sykes*, 433 U.S. 72 (1977), to §2255 proceedings, making explicit what the Supreme Court had implicitly held in prior cases such as *Davis v. United States*, 411 U.S. 233 (1973) - that "the proper standard of review of a procedurally defaulted claim is the 'cause and prejudice' standard ...." *Frady*, 456 U.S. at 167.

Subsequent decisions of the Supreme Court have illustrated how the concept of procedural default applies to claims that could have been, but were not, raised on direct appeal. As *Bousley v. United States*, 523 U.S. 614, 622 (1998), cited in the Report and Recommendation, explains, if a claim "can be fully and completely addressed on direct review based on the record ... the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice' ... or that he is 'actually innocent.'" (internal citations omitted). The purpose of this rule is to bring some measure of finality to criminal proceedings and to accord some measure of respect to final and non-appealable judgments entered in such cases. As the Court of Appeals explained in *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000) - a case which, like this one, involved a defendant

who attempted to raise a claim in a §2255 motion which he had not previously raised on appeal - "by failing to raise [the claim] at sentencing or on direct appeal, [petitioner] waived this claim. Therefore, in order to pursue this claim through a collateral attack on his sentence, he was required to demonstrate in the § 2255 proceedings before the district court cause and prejudice to excuse the ... default." The *Elzy* court further observed that "[t]his hurdle is an intentionally high one for the petitioner to surmount, for respect for the finality of judgments demands that collateral attack generally not be allowed to do service for an appeal." *Id*; *see also Peveler v. United States*, 269 F.3d 693 (6th Cir. 2001) (enforcing a procedural default based on the failure to raise a claim on direct appeal). There are exceptions to this rule, but they cover only those situations where the claim in question is not "available" for review on direct appeal. In that regard, "[a] ground of error is usually 'available' on direct appeal when its merits can be reviewed without further factual development." *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994).

The Court agrees with the Report and Recommendation's conclusion that the issues petitioner seeks to raise in his §2255 motion are issues which were "available" for his direct appeal. Neither the claim that the Court gave too much weight to the sentencing guideline calculation and not enough weight to the other sentencing factors contained in 18 U.S.C. §3553(a), nor the claim concerning the alleged inaccuracies or improper factual findings contained in the Presentence Investigation Report, rely on any facts outside the record. No further factual development was needed in order for petitioner to be able to address the merits of these claims on appeal. This conclusion is consistent with that reached by other

4

District Courts which have considered similar claims. *See, e.g., United States v. Munoz*, 2010 WL 3732173, *7 (N. D. Okla. September 20, 2010); *Valencia v. United States,* 2009 WL 1587184, *2 (M.D. Fla. June 5, 2009).  Petitioner has presented no argument to the contrary.

Because the doctrine of procedural default does not render the prior judgment a conclusive bar to further proceedings, petitioner can proceed with claims that have been procedurally defaulted if he can show either cause and prejudice for the default, or that he is "actually innocent" of the charges on which he was convicted. *Bousley, supra; Elzy, supra.* Petitioner does not identify any reason, either in his petition or his objection, why he could not have presented these claims on direct appeal, nor does he argue that he is actually innocent of the conspiracy charge for which he stands convicted.  Under these circumstances, the Court must enforce the procedural default which has occurred, and may not reach the merits of petitioner's claims.

### III.

For the reasons stated above, the Report and Recommendation (#277) is **ADOPTED** and the objection to that Report and Recommendation (#278) is **OVERRULED.** Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255 (#276) is **DENIED.**

      /s/ Gregory L. Frost
GREGORY L. FROST
United States District Judge