IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

OSCAR A. OLEA-CORONADO,

    Petitioner,               CASE NO. 2:07-CR-124(1)
                                    CIVIL NO. 2:10-CV-998
   v.                               JUDGE FROST
                                    MAGISTRATE JUDGE KEMP

UNITED STATES OF AMERICA,

    Respondent.

## OPINION AND ORDER

On December 14, 2010, final judgment was entered dismissing the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.  This matter is before the Court on Petitioner's January 18, 2011, motion for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and his notice of appeal, which the Court treats as including a request for a certificate of appealability. Doc. 281.  For the reasons that follow, Petitioner's Rule 60(b) motion and request for a certificate of appealability (Doc. 281), are **DENIED**.

In his § 2255 petition, Petitioner asserts that the Court gave more consideration to the United States Sentencing Guidelines than to the sentencing factors contained in 18 U.S.C. § 3553(a), and that the Presentence Investigation Report contained factual errors or assertions not determined by a jury, in violation of *Blakely v. Washington,* 542 U.S. 296 (2004).  The Court dismissed these claims as procedurally defaulted due to Petitioner's failure to establish cause and prejudice for failing to raise his claims on direct appeal.

To the extent that Petitioner now seeks reconsideration of the Court's dismissal of

his claims as procedurally defaulted, Petitioner has provided no reason to warrant such relief, but simply restates his earlier arguments.  A Rule 60(b) motion is not a vehicle for re-arguing the merits of the case.  *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004).  Petitioner's Rule 60(b) motion is therefore **DENIED.**

As to Petitioner's request for a certificate of appealability, where the Court dismisses a claim on procedural grounds, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id.,* at 485. The court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id.*

Petitioner has failed to establish that reasonable jurists would debate whether this Court correctly dismissed his claims as procedurally defaulted.  As the Court explained in the order denying petitioner's motion to vacate, there is simply no plausible argument to be made that the failure to raise claims on direct appeal, when they appear on the face of the record and do not involve the alleged ineffective assistance of counsel, does not constitute a procedural default.  Petitioner has never offered any excuse for that default..  Therefore, regardless of whether his substantive claims have any merit, reasonable jurists

would not differ on the question of whether he procedurally defaulted those claims. Petitioner's request for a certificate of appealability (Doc. 281) is therefore **DENIED.**

 **IT IS SO ORDERED**.

               /s/ Gregory L. Frost
               GREGORY L. FROST
               UNITED STATES DISTRICT JUDGE