IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

OSCAR A. OLEA CORONADO,

      Petitioner,

      v.

UNITED STATES OF AMERICA,

      Respondent.

CASE NO. 2:07-cr-124(1)

JUDGE GREGORY L. FROST
Magistrate Judge Kemp

## REPORT AND RECOMMENDATION

In 2008, a jury convicted Petitioner Oscar A. Olea Coronado of conspiracy to distribute and to possess with the intent to distribute marijuana. On August 14, 2008, the Court sentenced petitioner to 121 months imprisonment plus five years of supervised release. On August 18, 2010, the United States Court of Appeals for the Sixth Circuit affirmed Petitioner's convictions and sentence. Additionally, this Court denied a motion to vacate which petitioner filed on November 8, 2010, and also transferred a subsequent motion to vacate to the Court of Appeals for the Sixth Circuit. In an order filed on July 3, 2013, the Court of Appeals denied Petitioner leave to file a second or successive motion to vacate.

Petitioner has now filed another motion relating to his conviction and sentence. On August 6, 2013, he filed what is styled as a "Motion to Vacate or Amend Judgment Obtained by Fraud upon the Court, Pursuant to Fed. Rules Civ. Proc. Rule 60 (B) 28 U.S.C.A." (Doc. 302). In that motion, he argues that the Supreme Court's decision in *Alleyne v. United States*, 133 S.Ct. 2151 (2013) represents a change in the law justifying the

Court's grant of relief from judgment. The United States has not responded to the motion. For the reasons which follow, it will be recommended that this matter be transferred to the Court of Appeals.

Setting aside the fact that Fed.R.Civ.P. 60(b) applies only in civil cases, not criminal cases such as this one, it appears that Petitioner is, once again, attempting to file a successive motion to vacate under 28 U.S.C. §2255. *Cf. Gonzalez v. Crosby*, 545 U.S. 524, 532-32 (2005)(a claim for relief, couched in terms of an intervening change in the law, is a request for habeas corpus relief even when presented as a motion for relief from judgment under Rule 60(b)). Section 2255 states, in subsection (h), that:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

As to certification, 28 U.S.C. §2244 provides:

> (3) (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

The United States Court of Appeals for the Sixth Circuit recently clarified that this Court determines whether a petition constitutes a successive petition prior to transferring the case to the Court of Appeals. In *In re Smith*, 690 F.3d 809 (6th Cir. 2012). As the Court

of Appeals stated in *Storey v. Vasbinder*, 657 F.3d 372, 376–77 (6th Cir.2011):

> Whether a petition (a term we use interchangeably with "application") is "second or successive" within the meaning of § 2244(b) does not depend merely on whether the petitioner filed a prior application for habeas relief. The phrase is instead "a 'term of art' that is 'given substance' by the Supreme Court's habeas cases." *In re Salem*, 631 F.3d 809, 812 (6th Cir.2011) (quoting *Slack v. McDaniel*, 529 U.S. 473, 486, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)). Accordingly, in a number of cases, the Court has held that an application was not second or successive even though the petitioner had filed an earlier one. In *Stewart v. Martinez–Villareal*, 523 U.S. 637, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998), the petitioner filed a second petition that presented a claim identical to one that had been included in an earlier petition. The claim had been unripe when presented in the earlier petition. The Court treated the two petitions as "only one application for habeas relief[.]" Id. at 643, 118 S.Ct. 1618. In *Panetti v. Quarterman*, 551 U.S. 930, 127 S.Ct. 2842, 168 L.Ed.2d 662 (2007), the Court held that an application that presented a claim that had not been presented in an earlier application, but that would have been unripe if it had been presented then, was not second or successive. Id. at 945, 127 S.Ct. 2842. In *Magwood v. Patterson*, --- U.S. ----, 130 S.Ct. 2788, 177 L.Ed.2d 592 (2010), the Court made clear that an application challenging an earlier criminal judgment did not count for purposes of determining whether a later application challenging a new judgment in the same case was second or successive. Id. at 2797–98.

Here, the Court has little difficulty determining that what Petitioner filed is a successive petition. He continues to attack the judgment entered in this case, rather than some earlier or later judgment. His arguments about the impact of *Alleyne* are not completely clear but appear to be premised upon the notion that some fact which enhanced the minimum term of his sentence was determined by the Court rather than the jury (*Alleyne* held that a defendant charged with using or carrying a firearm in relation to a crime of violence could not be subjected to a mandatory minimum seven-year sentence for brandishing a firearm unless the jury

3

determined that he did so). What the jury did or did not find in this case was apparent from the record created at trial; no new facts about that process have been alleged. While the Court does not understand how *Alleyne* might suggest a different result here, because the jury made the finding that the amount of marijuana involved in this case was between 100 and 1000 kilograms, the validity of Petitioner's argument does not determine if his petition is successive. Further, the fact that part of his argument is based on a decision handed down in 2013 does not mean that the claim he is making, which is really an outgrowth of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), was unripe when he filed his earlier petition. Much of the argument presented in his current petition relies on *Apprendi* and *United States v. Booker*, 543 U.S. 220 (2005), both of which were decided well before Petitioner filed his first application for relief under §2255. Consequently, before Petitioner is entitled to proceed here, he must obtain an order from the Court of Appeals authorizing him to do so, and this Court must transfer the case to that court because only the Court of Appeals has jurisdiction to issue such an order. *See In re Sims*, 111 F.3d 45, 47 (6th Cir.1997) .

For these reasons, the Magistrate Judge **RECOMMENDS** the instant petition under 28 U.S.C. §2255 be **TRANSFERRED** to the Court of Appeals for the Sixth Circuit for authorization for filing pursuant to §2244(b)(3)(A). The Clerk is ordered to open a new case for statistical purposes and to file the Rule 60(b) motion, Doc. 302, as the §2255 petition in that case.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge