IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

OSCAR A. OLEA CORONADO,

      Petitioner,

v.

UNITED STATES OF AMERICA,

      Respondent.

Case No. 2:07-cr-124(1)
JUDGE GREGORY L. FROST
Magistrate Judge Terence P. Kemp

## OPINION AND ORDER

On November 27, 2013, the Magistrate Judge issued a Report and Recommendation recommending that Petitioner's August 6, 2013 Motion to Vacate or Amend Judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure be transferred to the United States Court of Appeals for the Sixth Circuit for authorization for filing as a successive petition.

Petitioner objects to the Magistrate Judge's Report and Recommendation. (ECF No. 306.) Petitioner contends that his Rule 60(b) claim raises an issue regarding fraud on the Court and that this Court therefore should address the merits of this claim as dictated under *Gonzalez v. Crosby,* 545 U.S. 524 (2005).

This Court is not so persuaded. In his motion, Petitioner argues that *Alleyne v. United States*, 133 S.Ct. 2151 (2013), somehow applies to his convictions and sentence. *Gonzalez* plainly forecloses such an issue being raised under Rules 60(b) in federal habeas corpus proceedings:

> In some instances, a Rule 60(b) motion will contain one or more "claims." For example . . . a motion might contend that a subsequent change in substantive law is a "reason justifying relief," Fed. Rule Civ. Proc. 60(b)(6), from the previous denial of a claim. *E.g., Dunlap v. Litscher*, 301 F.3d 873, 876 (C.A.7 2002). Virtually every Court of Appeals to consider the question has held

> that such a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly.  *E.g., [Rodwell v. Pepe*, 324 F.3d 66, 71-72 (C.A.1 2003)]; *Dunlap, supra,* at 876.
>
> We think those holdings are correct. A habeas petitioner's filing that seeks vindication of such of such a claim is, if not in substance a "habeas corpus application," at least similar enough that failing to subject it to the same requirements would be "inconsistent with" the statute. 28 U.S.C. § 2254 Rule 11. Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction-even claims couched in the language of a true Rule 60(b) motion-circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts. § 2244(b)(2).

*Gonzalez*, 545 U.S. at 530-31.  As such, the Supreme Court held, the motion must be transferred to the Court of Appeals for authorization for filing as a successive petition.  *Id*. at 532 (citing § 2244(b)(3)).

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review.  For the reasons set forth above and the reasons already discussed in the Magistrate Judge's Report and Recommendation, the Court **OVERRULES** Petitioner's Objection (ECF No. 306) and **ADOPTS** and **AFFIRMS** the Report and Recommendation (ECF No. 304).  The petition is hereby transferred to the United States Court of Appeals for the Sixth Circuit for a determination of whether Petitioner may proceed under a successive petition.

**IT IS SO ORDERED.**

/s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE